UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JAMES DAVID WILSON and MISTY AVERY, Individually, and as Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES GROUP INC., a Delaware Corporation, AMERICAN AIRLINES, INC., a Delaware Corporation; and ENVOY AIR INC., a Wholly Owned Subsidiary of American Airlines, a Delaware Corporation,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

NOW COME Plaintiffs, JAMES DAVID WILSON and his wife MISTY AVERY, individually, by and through the undersigned counsel, bring this Complaint against AMERICAN AIRLINES GROUP INC., AMERICAN AIRLINES, INC. and ENVOY AIR INC., and all relevant unnamed subsidiaries, agents, employees, affiliates, contractors, subcontractors and common carriers, upon information and belief, and allege as follows:

## JURISDICTION

1. Jurisdiction over this claim and the Defendants, AMERICAN AIRLINES GROUP INC. (hereinafter "AAG"), AMERICAN AIRLINES, INC. (hereinafter "AA") and its subsidiary ENVOY AIR INC. (hereinafter "Envoy"), (collectively hereinafter "Defendants"), exists pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount of controversy exceeds $75,000 exclusive of interests and costs. Diversity exists at the time of commencement of this action because Plaintiffs JAMES DAVID WILSON and MISTY AVERY, reside in Denver, North Carolina, and Defendant AAG is

headquartered at 1 Skyview Drive, Fort Worth, Texas 76155, and is incorporated in the state of Delaware. AAG is a foreign corporation in North Carolina. AAG, through its wholly owned subsidiaries, was conducting substantial business in and has sufficient contacts in Charlotte for this Court to exercise jurisdiction. AAG was at all times relevant herein, operating flights in and out of Charlotte-Douglas International Airport ("CLT") and James David Wilson was a passenger on flights into and out of CLT.

Defendant AA is headquartered at 1 Skyview Drive, Fort Worth, Texas 76155, and is incorporated in the state of Delaware. AA's registered agent for service is located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608. AA is a foreign corporation in North Carolina. AA was conducting substantial business in and has sufficient contacts in Charlotte for this Court to exercise jurisdiction. AA was at all times relevant herein, operating flights in and out of Charlotte-Douglas International Airport ("CLT") and James David Wilson was a passenger on flights into and out of CLT.

Defendant Envoy is headquartered at 4301 Regent Boulevard, Md 243, Irving, TX 075063, and it is incorporated in the state of Delaware. Envoy's registered agent for service is located at 2626 Glenwood Avenue, Suite 550, Raliegh, NC 27608. Envoy is a foreign corporation North Carolina. Envoy was conducting substantial business in and has sufficient contacts in Charlotte for this Court to exercise jurisdiction. Envoy was at all times relevant herein, operating flights in and out of Charlotte-Douglass International Airport and James David Wilson was a passenger on flights into and out of CLT.

## **VENUE**

2. Venue in this district satisfies the requirements of 28 U.S.C § 1391 because Defendants AAG, AA, and Envoy conduct substantial business and are subject to personal jurisdiction

in this district because the Defendants operate flights into and out of CLT.

## PARTIES

3. Plaintiffs are citizens and residents of the state of North Carolina, and they bring this action in their own individual capacity, as husband and wife.

4. Defendant American Airlines Group Inc., including its subsidiaries, agents, employees, affiliates, contractors, and subcontractors, is a United States based airline incorporated in Delaware with headquarters in Fort Worth, Texas. It regularly and systematically conducts business in the state of North Carolina.

5. Defendant American Airlines, Inc., including its subsidiaries, agents, employees, affiliates, contractors, and subcontractors, is a United States based airline incorporated in Delaware with headquarters in Fort Worth, Texas. It regularly and systematically conducts business in the state of North Carolina.

6. Defendant Envoy Air Inc., including its agents, affiliates, contractors and subcontractors, and employees, is a United States based airline incorporated in Delaware, with headquarters in Irving, TX. It regularly and systemically conducts business in the state of North Carolina

## NATURE OF THE CAUSE OF ACTION

7. This is an action for damages on behalf of the Plaintiffs.

8. James David Wilson ("Mr. Wilson") was injured on AA flight 2002 from Miami International Airport to Charlotte-Douglas International Airport on March 26, 2023. Mr. Wilson suffered physical injuries, emergency hospital and other medical treatment, emotional and psychological injuries, a closed head injury, economic and financial

damages and other losses to himself and his wife. Mrs. Avery suffered psychological and emotional injuries, economic and financial damages.

## FACTUAL ALLEGATIONS

9. On or about March 26, 2023, and at all times relevant herein, the Defendants operated a common carrier which operated AA flight 2002 (hereinafter the "injury flight"), offering service between Miami International Airport ("MIA") in Miami, Florida and Charlotte-Douglas International Airport ("CLT") in Charlotte, North Carolina.

10. At all times relevant in this matter, the Defendants owned, operated, and supervised the injury flight through its agents and employees.

11. Mr. Wilson was a fare paying passenger and had his ticket purchased by an associate for his transport on the Defendants' injury flight.

12. Mr. Wilson's ticket purchased was from the Defendants for travel on March 23, 2023, from CLT to MIA, flight 373, as well as a return flight from MIA to CLT on March 26, 2023, flight 2002, the injury flight.

13. After boarding the injury flight at MIA, Mr. Wilson was seated in seat 8C, an aisle seat.

14. The boarding of the Defendants' aircraft for the injury flight was under the supervision of the agents and employees of the Defendants.

15. The Defendants are required to conduct and supervise the boarding of passengers and stowage of their carry-on items so as to provide a safe flight for the passengers.

16. Other passengers, in addition to Mr. Wilson, boarded the injury flight.

17. Above where Mr. Wilson was seated, the carry-on baggage of another passenger was stowed in the overhead bin above his seat.

18. This carry-on baggage, along with others, put the aircraft over its weight capacity.

19. Mr. Wilson did not touch, position, supervise, stow, place or assist in touching, positioning, supervising, stowing or placing the baggage in the overhead bin, nor was Mr. Wilson consulted, agreed to or have knowledge of the positioning of the baggage in the bin above his head.

20. Mr. Wilson did not touch the overhead bin once he sat down in his seat, 8C.

21. Prior to take-off, the Defendants' employee came aboard the aircraft to remove bags from the overhead bins in order to reduce overweight capacity.

22. As the Defendants' employee proceeded to access the overhead bin above Mr. Wilson, the employee mishandled the baggage they were handling and dropped it directly onto the back of Mr. Wilson's head.

23. The impact of the baggage to the back of his head caused Mr. Wilson to lose consciousness for an undetermined period of time.

24. Despite his loss of consciousness, Defendants' agents or employees sought no further medical attention for Mr. Wilson aside from offering him a wet rag, nor did they attempt to remove him from the plane to have him assessed by emergency medical personnel.

25. For the duration of the injury flight, Mr. Wilson vomited multiple times. He still was not offered medical assistance or additional care beyond the wet rag.

26. Upon landing in CLT, emergency medical personnel met Mr. Wilson and provided care.

27. At all relevant times herein, the Defendants, through their agents, employees, and representatives, failed to properly conduct the carry-on and boarding process and failed to provide adequate passenger boarding and carry-on supervision. Due to inadequate passenger boarding and carry-on supervision, a piece of baggage which was mishandled by an employee of the Defendants, struck and seriously injured Mr. Wilson.

28. Due to the inadequate supervision of the boarding and stowage of carry-on items, as well as the negligence of the Defendants' employee, Mr. Wilson suffered a head contusion, unconsciousness, closed-head injury, permanent and lasting neurological and other damages, as well as other physical and emotional injuries and economic and financial losses, as did his wife.

29. In addition to Mr. Wilson's immediate physical injuries and pain and suffering, he is suffering from additional medical issues stemming directly from the physical injuries sustained on the injury flight and thereafter by Mr. Wilson and Mrs. Avery.

30. These injuries include, but are not limited to, continued neurological impairment, loss of services, support, help and assistance, advice and guidance, other economic loss, loss of consortium, companionship, comfort, care, assistance, pain and suffering, anguish, and/or emotional trauma and difficulties in travelling.

31. The Defendants knew, or should have known, or in the exercise of due care, would have known of the risks of failing to properly supervise passengers boarding, carry-on policies, and safe stowage of carry-on items. The Defendants were long aware of the risk of serious injury to passengers due to the failure to supervise the boarding process and injuries from the items passengers carry onto aircraft, and the stowage thereof. The Defendants' knowledge of the risk to passengers is documented in numerous public records of legal actions in which the Defendants have been sued for injuries to passengers caused by carry-on items falling from overhead bins.

32. The Defendants, as operators of a common carrier, owed the highest degree of care to all passengers aboard their aircraft, including Mr. Wilson. The Defendants owed the highest degree of care to prevent injury of any kind, including injury as a result of known dangers

from inadequate supervision and failure to take all reasonable safety measure to protect passengers from onboard injuries. As a direct and proximate result of its negligence, as well as its willful misconduct, the Defendants are liable for the damages sustained by Mr. Wilson and Mrs. Avery. Therefore, Plaintiffs are entitled to recover such damages to the extent allowed by law.

## COUNT I
## NEGLIGENCE OF DEFENDANTS

33. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 32.

34. At all times relevant herein, it was the duty of the Defendants, by and through its agents and employees, to exercise the highest degree of care in the operation, control, and supervision of the injury flight, including the boarding thereof, for the safety and security of its passengers, including Mr. Wilson.

35. The events alleged herein, which occurred at MIA on or about March 26, 2023, were the direct and proximate cause of the injury to Mr. Wilson, and the damages sustained by him and his wife.

36. The Defendants are liable to Mr. Wilson and Mrs. Avery for injuries and damages sustained by them as a result of the injury that occurred onboard the injury flight and the Defendants owed the highest degree of care to its passengers. As a direct and proximate result of the foregoing, Mr. Wilson and Mrs. Avery are entitled to recover damages alleged herein and the Defendants are liable for compensatory and consequential damages in a sum within the jurisdiction of this Court.

37. The failure of the Defendants to provide reasonable safety measures to protect their passengers, including Mr. Wilson, constitutes a breach of their duty to those passengers, including Mr. Wilson.

38. The injuries suffered by Mr. Wilson and Mrs. Avery were a direct and proximate result of the Defendants' breach of duty, negligence in the ownership, supervision and operation of the injury flight.

39. The injuries suffered by Mr. Wilson and Mrs. Avery were a direct proximate cause of the negligence of the Defendants.

40. As a result of the Defendants' negligence, Mr. Wilson suffered severe physical injuries, and Mr. Wilson and Mrs. Avery suffered emotional trauma directly related to his physical injuries, experienced a loss of income and incurred substantial medical expenses and continue to suffer and incur those injuries and expenses, and other losses, entitling them to damages in an amount to be determined at trial.

## COUNT II
## WILLFUL AND WANTON MISCONDCUT AGAINST THE DEFENDANTS

41. Plaintiffs re-allege and incorporate by reference paragraphs 1-40 above as full set forth herein.

42. The injury to Mr. Wilson and the damages suffered by Mr. Wilson and Mrs. Avery are the direct, immediate and proximate result of the willful, wanton, reckless and/or grossly negligent misconduct of the Defendants in failing and refusing to protect Mr. Wilson onboard the injury flight from well-known dangers that frequently occur on the Defendants' flights, which they had knowledge of yet failed to take reasonable actions and measures to prevent such injuries.

43. The Defendants' willful, wanton, reckless and/or grossly negligent misconduct posed an unsafe aircraft condition as follows:

   a. Failing to properly examine, measure, inspect or evaluate the carry-on items of the passengers to ascertain if they could be safely carried and stowed;

   b. Failing to supervise the proper and secure place of items in the overhead bin;

   c. Failing to properly train and educate its employees and agents of safe size, shape, weight and stowage of carry-on items;

   d. Failure to observe and apply reasonable safety measures to safeguard the Defendants' passengers from items falling from overhead bins;

   e. Failure to use all reasonable means to assess and limit carry-on items to those which can be safely stowed in overhead bins and do not present unreasonable danger to passengers if they fall from overhead bins;

   f. Failure by the Defendants' agents and employees to properly handle baggage stowed in overhead bins;

   g. Failing to follow the Defendants' own carry-on policies.

44. The injury to Mr. Wilson from an item falling from the overhead bin on March 26, 2023, was caused by such known and reasonably foreseeable conditions of which the Defendants had knowledge but chose to ignore even though the Defendants owed the highest degree of care to their passengers, including Mr. Wilson.

45. By reason of the above stated acts of willful, wanton, reckless, and/or grossly negligent misconduct, evidencing willful and reckless indifference to the safety, welfare, health, security and wellbeing of their passengers, including Mr. Wilson, in the face of such known and notorious risks, the Defendants are liable to Plaintiffs for exemplary damages.

## PRAYER FOR RELIEF

46. Plaintiffs incorporate by reference paragraphs 1-45 above as fully set forth herein.

47. Wherefore Plaintiffs James David Wilson and Misty Avery demand judgment against the Defendants for:

   a. Injury to Mr. Wilson and his pain and suffering;

   b. Pain and suffering of Mr. Wilson's wife from the date of Mr. Wilson's injury;

   c. Loss of consortium, society, companionship, support and services from Mr. Wilson and Mrs. Avery from the date of Mr. Wilson injury;

   d. Loss of support of money or in kind from the date of Mr. Wilson's injury;

   e. Loss of income of Mr. Wilson to Mrs. Avery as result of the injury to Mr. Wilson;

   f. Grief, emotional distress and personal injuries and moral damages as allowed by law;

   g. Loss of enjoyment of life;

   h. Medical Expenses;

   i. Replacement services and household help;

   j. Prejudgment interests;

   k. Costs and attorneys' fee as allowed by law;

   l. Any other damages to which Mr. Wilson and Mrs. Avery may be entitled under applicable law;

   m. Exemplary or punitive damages for the gross, willful and wanton misconduct of the Defendants AA.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues and counts so triable.

This the 25th day of March, 2025.

                                               **MOTLEY RICE LLC**

By:   *s/ John D. Hurst*
       John D. Hurst (NC Bar # 37680)
       James Brauchle (PHV application pending)
       Tola Familoni (PHV application pending)
       28 Bridgeside Blvd.
       Mount Pleasant, SC  29464
       T:  (843) 216-9000
       F:  (843) 216-9450
       jhurst@motleyrice.com
       jbauchle@motlryrice.com
       tfamiloni@motleyrice.com